UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SANDRA L. TABER, | ) |
|            Plaintiff, | ) No. CV-08-5064-JPH |
| | ) |
| v. | ) ORDER GRANTING DEFENDANT'S |
| | ) MOTION FOR SUMMARY JUDGMENT |
| MICHAEL J. ASTRUE, Commissioner | ) |
| of Social Security, | ) |
| | ) |
|            Defendant. | ) |
| | ) |
| | ) |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on June 12, 2009. (Ct. Rec. 14, 18.) Attorney David L. Lybbert represents Plaintiff; Special Assistant United States Attorney David J. Burdett represents the Commissioner of Social Security. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 7.) Plaintiff filed a reply on May 28, 2009. (Ct. Rec. 20.) After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment (Ct. Rec. 18) and **DENIES** Plaintiff's Motion for Summary Judgment (Ct. Rec. 14).

### JURISDICTION

Plaintiff protectively filed an application for supplemental security income (SSI) benefits on November 15, 2004, and on December 1, 2004 for disability insurance benefits (DIB), alleging disability as of April 15, 2004. (Tr. 15.) The applications were denied initially and on reconsideration. (Tr. 36-37, 40-43.)

1    Administrative Law Judge (ALJ) Hayward C. Reed held a hearing

2 September 20, 2007.  Plaintiff, represented by counsel,

3 psychologist Allen D. Bostwick, and vocational expert Scott A.

4 Whitmer testified. (Tr. 738-805.)  On February 1, 2008, the ALJ

5 issued an unfavorable decision.  (Tr. 15-31.)  The Appeals Council

6 received additional evidence and denied review on August 27, 2008.

7 (Tr. 6-10.) Therefore, the ALJ's decision became the final

8 decision of the Commissioner, which is appealable to the district

9 court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action

10 for judicial review pursuant to 42 U.S.C. § 405(g) on September

11 18, 2008. (Ct. Rec. 1, 4.)

12                           **STATEMENT OF FACTS**

13    The facts have been presented in the administrative hearing

14 transcripts, the ALJ's decision, the briefs of both Plaintiff and

15 the Commissioner, and are summarized here.

16    Plaintiff was 43 years old at onset. (Tr. 30.)  She has a

17 high school education and three years of college[1]. (Tr. 148, 155,

18 759.)  Plaintiff has worked as a bank teller, bus driver,

19 substitute teacher's aide, and book delivery driver.  (Tr. 761-

20 763.) She testified she can lift 5 pounds or less, sit in a chair

21 10 minutes before having to move, and needs to lay down 1-2 times

22 a day.  (Tr. 770, 780.)  Plaintiff can stand 10 minutes and drive

23 25 miles.  (Tr. 779, 781.)  She no longer seeks medical treatment

24 because she has no insurance.  (Tr. 768.)

25

26

27    [1]Plaintiff's brief states she has only a high school
education. The error appears harmless since transferability of
skills was not material to the ALJ's determination. (Ct. Rec.
28 15 at 6; Tr. 30.)

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 2 -

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which

compares plaintiff's impairment with a number of listed
impairments acknowledged by the Commissioner to be so severe as to
preclude substantial gainful activity.  20 C.F.R. §§
404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P
App. 1.  If the impairment meets or equals one of the listed
impairments, plaintiff is conclusively presumed to be disabled.
If the impairment is not one conclusively presumed to be
disabling, the evaluation proceeds to the fourth step, which
determines whether the impairment prevents plaintiff from
performing work which was performed in the past.  If a plaintiff
is able to perform previous work, that Plaintiff is deemed not
disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).
At this step, plaintiff's residual functional capacity (RFC)
assessment is considered.  If plaintiff cannot perform this work,
the fifth and final step in the process determines whether
plaintiff is able to perform other work in the national economy in
view of plaintiff's residual functional capacity, age, education
and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v),
416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

     The initial burden of proof rests upon plaintiff to establish
a *prima facie* case of entitlement to disability benefits.
*Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v.
Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is
met once plaintiff establishes that a physical or mental
impairment prevents the performance of previous work.  The burden
then shifts, at step five, to the Commissioner to show that (1)
plaintiff can perform other substantial gainful activity and (2) a
"significant number of jobs exist in the national economy" which

1  plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th
2  Cir. 1984).

3                    **STANDARD OF REVIEW**

4      Congress has provided a limited scope of judicial review of a
5  Commissioner's decision.  42 U.S.C. § 405(g).  A Court must uphold
6  the Commissioner's decision, made through an ALJ, when the
7  determination is not based on legal error and is supported by
8  substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995
9  (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir.
10 1999).  "The [Commissioner's] determination that a plaintiff is
11 not disabled will be upheld if the findings of fact are supported
12 by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572
13 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)).  Substantial evidence
14 is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d
15 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance.
16 *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989);
17 *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d
18 573, 576 (9th Cir. 1988).  Substantial evidence "means such
19 evidence as a reasonable mind might accept as adequate to support
20 a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)
21 (citations omitted).  "[S]uch inferences and conclusions as the
22 [Commissioner] may reasonably draw from the evidence" will also be
23 upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).
24 On review, the Court considers the record as a whole, not just the
25 evidence supporting the decision of the Commissioner. *Weetman v.*
26 *Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v.*
27 *Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).
28     It is the role of the trier of fact, not this Court, to

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                        - 5 -

resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

### ALJ'S FINDINGS

At the outset the ALJ found plaintiff was insured through December 31, 2008, for purposes of her DIB claim. (Tr. 15, 17.) The ALJ found at step one that plaintiff has not engaged in substantial gainful activity since onset. (Tr. 17.) At steps two and three, the ALJ found that plaintiff suffers from mild degenerative disc disease (DDD) of the cervical spine, mild congenital spinal stenosis, L3, L4, and L5; and annular bulging without nerve compression at L4-5 and L5-S1; status post right shoulder rotator cuff repair, times two; pain disorder with psychological factors and a general medical condition; and histrionic personality disorder, impairments that are severe but which do not alone or in combination meet or medically equal a Listing impairment. (Tr. 17, 22.) The ALJ found plaintiff less

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 6 -

than completely credible. (Tr. 26.)  At step four, relying on the
VE, the ALJ found plaintiff is unable to perform past relevant
work. (Tr. 30.)  At step five, again relying on the VE, the ALJ
found plaintiff can perform other work, such as floor, card room,
and parking lot attendant. (Tr. 31.)  Because the ALJ found
plaintiff could perform work, she was found not disabled at step
five.  Accordingly, the ALJ found that plaintiff is not disabled
as defined by the Social Security Act. (Tr. 31.)

### ISSUES

Plaintiff contends that the Commissioner erred as a matter of
law by failing to properly weigh the medical evidence and
plaintiff's credibility. She alleges that this, in turn, led to
the ALJ asking the VE hypothetical questions that did not include
all of her limitations. (Ct. Rec. 15 at 8-20.)  The Commissioner
responds that the ALJ appropriately weighed the evidence,
including credibility, and asks the Court to affirm his decision.
(Ct. Rec. 19 at 5.)

### DISCUSSION

In social security proceedings, the claimant must prove the
existence of a physical or mental impairment by providing medical
evidence consisting of signs, symptoms, and laboratory findings;
the claimant's own statement of symptoms alone will not suffice.
20 C.F.R. § 416.908.  The effects of all symptoms must be
evaluated on the basis of a medically determinable impairment
which can be shown to be the cause of the symptoms. 20 C.F.R. §
416.929.  Once medical evidence of an underlying impairment has
been shown, medical findings are not required to support the
alleged severity of symptoms. *Bunnell v. Sullivan*, 947, F. 2d

341, 345 (9th Cr. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F. 2d 597, 604-05 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989) (citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Cater*, 81 F.3d 821, 830 (9th Cir. 1996). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F. 3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F. 3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F. 3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

///

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 8 -

A. <u>Physical impairments</u>

Plaintiff contends that the ALJ failed to properly credit the November 6, 2007 opinion of treating physician H. Graeme French, M.D. (Ct. Rec. 15 at 17-19; Tr. 672-674.)  The Commissioner responds that the ALJ gave specific and legitimate reasons for discrediting some of Dr. French's opinions.  (Ct. Rec. 19 at 6.)

The ALJ rejected Dr. French's November of 2007 opinion because for several reasons, including: (1) while the opinion references an exam being conducted, the associated office visit note for an "exam" is not in the record; (2) the severe limitations listed in the form are inconsistent with plaintiff's physical abilities noted in the physical therapy records at Exhibit 19F, and (3) the person completing the form appeared to rely heavily on plaintiff's discounted self-reporting, described more fully below.  (Tr. 29.)

In the 2007 opinion, Dr. French limited plaintiff to carrying up 5 pounds occasionally, opined she would likely deteriorate with increased pain if asked to perform at full time works stress levels, and would likely be absent at least 2-3 days per month. (Tr. 672, 674.)  He opined she is not able to perform at production levels "of sorting or production work.  Not likely to withstand any full time work."  (Tr. 674.)

The physical therapy records referred to by the ALJ indicate there were no functional signs of a loss of sensation, "however client reported entire extremity was numb. She was able to use a pen and fill out paper work without complaint or signs of difficulty."  (Tr. 334.)  Dr. French's opinion indicated

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 9 -

plaintiff's use of both hands for repetitive movement in fingering and grasping was limited and reaching was limited to seldom. (Tr. 673.)  The physical therapy records do not support Dr. French's assessed limitations.  Additionally, Dr. French's opinion was given more than three years after onset.

To aid in weighing the conflicting medical evidence, the ALJ evaluated plaintiff's credibility and found her less than fully credible.  (Tr. 26.)  Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition.  *See Webb v. Barnhart*, 433 F. 3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility determinations.  *Andrews v. Shalala*, 53 F. 3d 1035, 1039 (9th Cir. 1995).  However, the ALJ's findings must be supported by specific cogent reasons.  *Rashad v. Sullivan*, 903 F. 2d 1229, 1231 (9th Cir. 1990).  Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence.  *Reddick v. Chater*, 157 F. 3d 715, 722 (9th Cir. 1998).  Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing."  *Lester v. Chater*, 81 F. 3d 821, 834 (9th Cir. 1995).  "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints."  *Lester*, 81 F. 3d at 834; *Dodrill v. Shalala*, 12 F. 3d 915, 918 (9th Cir. 1993).

The ALJ relied on several factors when he assessed

credibility: routine/conservative treatment inconsistent with the

degree of impairment alleged, plaintiff's inconsistent statements,

a presentation of severity of pain deemed so extreme as to appear

implausible to treatment providers, activities inconsistent with

degree of impairment alleged, lack of physical findings on

examination, and noncompliance with medical advice.  (Tr. 26-28.)

The ALJ considered plaintiff's testimony, and described it
in detail:

> . . . she stopped working because of mental problems
> where she would forget what she is saying when she is
> trying to speak; her short term memory is bad; she has
> migraines for which [sic] she gets more often daily but
> the medicine helps but does not take them completely
> away; has problems with her right hand at times and she
> has had two right shoulder surgeries. She testified that
> she has had problems with her knees after she fell and
> has asked about them repeatedly but was told that they
> would not worry about them until they get worse. She has
> had to change shoes daily to make sure they are in a
> different angle and since Dr. French worked on them
> yesterday it has caused her to have muscle spasms in her
> back. She has had pain and swelling and catching in her
> knees. The pain occurs all of the time and any thing
> touching her knee to any degree causes her pain and
> inflammation. She has to elevate her knee for at least a
> half hour or more and put ice on it for 20 minutes. The
> claimant testified that she was treated for back pain in
> 2004 and during that time had gone to the emergency room
> 8 times within two weeks and was told that she had psycho-
> logical pain disorder but after she received pain
> medication her pain would go down. She was having severe
> muscle spasms and Dr. Colwell was trying to build up her
> muscles to help her muscle spasms decrease. She could not
> walk and her leg would end up being constricted. She lost
> feeling down her leg and groin area and was told that her
> sciatic nerve was involved. It felt like being repeatedly
> hit in the back with a bat. She has these symptoms at
> least three times a week but no longer seeks medical
> treatment since she does not have insurance.
>
> The last times she tried to get L and I reopened they
> sent her to someone who told her it was psychological
> . . . Any touch also hurts her shoulder and down into
> her rib cage. She tries to relieve her pain with hot
> showers, Trazadone, and lies down for naps at least once
> or twice a day. She testified her problems cause her
> an inability to do her hair and most of the time her
> daughter will braid it and it will stay like that for

three days. She is unable to do her feet and at times
going to the bathroom is difficult.  She is unable to do
the dishes . . . She spends a great deal of time not
being able to get up or get motivated and there are days
when she does not get off the couch. When she is unable
to get her medication, her anxiety 'goes through the
roof' and she is unable to walk because she is so dizzy
. . .
she can only stand for about 10 minutes at a time before
her back starts to tighten and if it tightens up too much
she has to lay down. She can only sit for 10 minutes or
less. . . [She] can only drive for about 12 to 25 miles
. . . . She stated that there have been times where she has
not gotten out of bed for two weeks at a time.

(Tr. 25-26.)

When he analyzed plaintiff's testimony, the ALJ first
observes that while plaintiff experiences some right shoulder and
back pain, the evidence does not show that this is totally
disabling, and her treatment [other than the two shoulder
surgeries] has been essentially routine and/or conservative in
nature. (Tr. 26.) In reaching this conclusion, the ALJ relies on
a letter from examining physician John K. Shuster, M.D., to
plaintiff opining that her problem "is not in her back and her
back was not surgically correctable."  Dr. Shuster notes the
lumbar MRI essentially shows a little bit of degenerative disease
but "absolutely no nerve entrapment whatsoever."  (Tr. 26,
referring to Exhibit 2F at 7.) He opined plaintiff would probably
"just require long term physical therapy."  (Id.) Dr. Shuster's
letter after the MRI is dated September 29, 2003 -- well before
onset.

The ALJ considered: (1) treating physician Glenn Bonacum,
M.D.'s record that plaintiff had been in a treatment program for
her back and it was improving.  (Tr. 26, referring to Exhibit 17F
at 8 at Tr. 307.) (2) Treating physician Charles Colwell, M.D.,
reported plaintiff was significantly deconditioned. The preferred

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                           - 12 -

treatment for mechanical low back pain is adequate conditioning to stabilize the lumbar spine, good body biomechanics and weight loss.  After reviewing the MRI, Dr. Colwell concurred plaintiff's back problems do not warrant surgical intervention, and her response to rotator cuff surgery was excellent. (Tr. 26, referring to Exhibit 10F at 6 at Tr. 198.) (3) Dr. Bonacum released plaintiff back to work on August 24, 2004. [Four months after onset.]  (Tr. 26, referring to Exhibit 17F at 18 at Tr. 317.) (4) A lumbar MRI on December 30, 2005, shows only mild congenital spinal stenosis at L3, L4, and L5, no disc herniation or nerve root compression and L4-5 and L5-S1 annular bulging with no demonstrable nerve root compression.  (Tr. 26, referring to Exhibit 27F at 5 at Tr. 619.)  (5) Treating chiropractor Christopher Bess, D.C., opined plaintiff could return to light work if required to carry no more than 15 pounds with her right arm. (Tr. 26, referring to Exhibit 20F at 11 at Tr. 351, dated April 19, 2005)[one year post onset.]

The ALJ's reason for finding plaintiff less than fully credible with respect to back pain and resulting limitations is fully supported by the record.

The ALJ also assessed plaintiff as less than fully credible based on implausible pain presentation.  (Tr. 27.) Two of several examples cited by the ALJ include examining physician Scott Van Linder, M.D.'s March 2005 report that plaintiff sat on the side of the examining table thrashing her legs about, which she said she could not control. However, he noted that she was able to control it sufficiently to walk across the room an get up on the examining table. When plaintiff was told he was not set up to provide any

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                      - 13 -

treatment or medications, she became tearful and angry and the kicking stopped when she decided to get dressed and leave. Plaintiff left walking out on her own power. (Tr. 27, referring to Exhibit 23F at 17 at Tr. 391.)  Another example noted by the ALJ occurred in Dr. Van Linder's office in June of 2005, when the entire examination was carried out while plaintiff whined, whimpered and intermittently cried. When leaving plaintiff claimed she was seized with spasms, hobbled out to the waiting room and collapsed into a chair sobbing and moaning. Dr. Van Linder helped her down to the floor and noted there were no spasms in her back whatsoever.  He opined the entire presentation seemed to be a rather gross demonstration of pain behavior with no physical findings to support her subjective complaints. (Tr. 27, referring to Exhibit 23F at 5-6 at Tr. 379-380.)

The ALJ's reasons, only some of which are described here, for finding plaintiff less than fully credible are clear, convincing, and fully supported by the record. *See Thomas v. Barnhart*, 278 F. 3d 947, 958-959 (9th Cir. 2002)(proper factors include inconsistencies in plaintiff's statements, inconsistencies between statements and conduct, and extent of daily activities). Noncompliance with medical care or unexplained or inadequately explained reasons for failing to seek medical treatment also cast doubt on a claimant's subjective complaints.  20 C.F.R. §§ 404.1530, 426.930; *Fair v. Bowen*, 885 F. 2d 597, 603 (9th Cir. 1989).

The ALJ considered the records and opinions of treating and examining doctors when he weighed Dr. French's 2007 opinion.  None assessed a degree of impairment similar to Dr. French's.

The ALJ's reasons for rejecting Dr. French's assessed marked limitations are specific, legitimate, and fully supported by the evidence.  *See Lester v. Chater*, 81 F. 3d 821, 830-831 (9th Cir. 1995) (holding that the ALJ must make findings setting forth specific, legitimate reasons for rejecting the treating physician's contradicted opinion).

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony.  *Magallanes v. Bowen*, 881 F. 2d 747, 751 (9th Cir. 1989).  It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400.  The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review.  42 U.S.C. § 405 (g).

The ALJ's assessment of the opinions of treating, examining and consulting physicians and of plaintiff's credibility is supported by the record and free of legal error.  To the extent the ALJ discounted some of the conflicting medical opinions, his reasons are specific, legitimate and supported by the record.

B. Psychological impairments

Plaintiff alleges the ALJ improperly discounted the opinions of Patricia Kraft-Rinehart, Ph. D. (Tr. 154-156, **1/8/04**), Ronald Page, Ph.D. (Tr. 252-256, **4/6/05**), and Philip Barnard, Ph.D. (Tr. 550-554, **8/28/06**).  (Ct. Rec. 15 at 8-12.) Plaintiff alleges the error likely occurred because the ALJ placed greater weight on the opinion of examining psychiatrist Fredrick Montgomery, M.D., and testifying psychologist Allen Bostwick, Ph. D.(Ct. Rec. 15 at 10-

12) than on the other professionals.

With respect to Dr. Kraft-Rinehart's opinion [rendered about three months before onset], the ALJ notes she diagnosed a pain disorder associated with general medical condition and psychological factors and adjustment disorder with depressed mood. (Tr. 20, referring to Tr. 156.) The ALJ notes that on April 30, 2004 (two week after onset), psychiatrist David Bot, M.D., observed "psychiatric treatment by Dr. Kraft has been helpful." (Tr. 20, referring to Tr. 463.)

The ALJ notes Dr. Page opined after his psychological examination plaintiff is conspicuously prone to "hyperbolic and pejorative emphases, spotlighting various somatic complaints and also implying a grandiosity in some contexts." He described her as logical, coherent and well oriented and displayed intactness of recent and remote memory. Dr. Page diagnosed conversion disorder and hysterical personality disorder. The ALJ noted Dr. Page could not entirely rule out malingering as "her presentation is liberally colored by a hysterical communication style, inviting conceptualization within a neurotic dynamic." (Tr. 20-21. Referring to Tr. 255-256.)

The ALJ notes Dr. Barnard administered testing. (Tr. 21, referring to Exhibit 26F.) He observed plaintiff did not appear depressed and her affect was somewhat elevated. (Tr. 552.) He diagnosed pain disorder associated with both psychological factors and a general medical condition, and chronic and histrionic personality disorder features. (Tr. 553.)

The ALJ considered Dr. Montgomery's opinion eight months after onset. (Tr. 20, referring to Exhibit 26F at 122-128.) Dr.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 16 -

Montgomery assessed a GAF of 70, indicating only mild symptoms. (Tr. 597.)

The ALJ considered the opinion of the testifying psychologist, Dr. Bostwick:

> He testified that plaintiff has consistently been diagnosed with a pain disorder associated with psychological factors and a presumed general medical condition. The psychological factors noted in the record include a histrionic behavior, conversion processes and notation of psychogenic pain with secondary gain motivation. The psychogenic pain disorder given throughout the record by several examiners is really an old diagnosis of conscious volitional psychological production of pain (closely related to hypochondriasis in the DSM-IV). This is not an unconscious process that someone has no awareness of or control over.

(Tr. 21-22.)

Plaintiff argues unpersuasively that the ALJ erred by accepting Dr. Bostwick's opinion. It is the court's view that his opinion is fully supported by the medical evidence and by the ALJ's assessment of plaintiff's credibility. The weight given by the ALJ to the conflicting psychological opinions is supported by the evidence and free of legal error.

Plaintiff's final argument, that the ALJ's hypothetical questions erroneously omitted alleged limitations, is subsumed by the preceding analysis.

### CONCLUSION

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence.

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(Ct. Rec. 18)** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 14)** is

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 17 -

1  **DENIED.**

2       The District Court Executive is directed to file this Order,

3  provide copies to counsel for Plaintiff and Defendant, enter

4  judgment in favor of Defendant, and **CLOSE** this file.

5       DATED this 18th day of June, 2009.

6                              s/ James P. Hutton
                          JAMES P. HUTTON
7                    UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 18 -